**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TOM CASAULT, on behalf of themselves and all other similarly situated; et al., | No. 14-55494 |
| Plaintiffs-Appellants, | D.C. No. 2:11-cv-10520-DOC-RNB |
| v. | |
| ONE WEST BANK FSB; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted August 1, 2016[**]
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and CALLAHAN, Circuit Judges.

Tom Casault and others ("Plaintiffs") appeal the district court's

Rule 12(b)(6) orders dismissing their second and third amended complaints in their

class action against various banking and mortgage lending/servicing entities (the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"Servicer Defendants") and institutional trustees (the "Trustee Defendants").

Specifically, they appeal the dismissal of two causes of action: fraud, as the term is defined in California Civil Code § 3294, and improper foreclosure, arising under California Commercial Code § 3602.[1] We have jurisdiction under 28 U.S.C. § 1291 and review de novo, accepting all well-pleaded allegations as true. *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1205 (9th Cir. 2016). We affirm.

1. Plaintiffs fail to allege a fraud claim against the Servicer Defendants. A plaintiff must sufficiently plead justifiable reliance as part of stating a claim for fraud. *City Sols., Inc. v. Clear Channel Commc'ns*, 365 F.3d 835, 840 (9th Cir. 2004); *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). Here, Plaintiffs claim that they detrimentally relied on (1) misrepresentations contained in offers of loan modification assistance advertised by these defendants on their websites or communicated through the mail, and (2) the actions of these defendants after commencement of the loan modification process.

With respect to the initial offers, it was not reasonable for Plaintiffs to rely on the offers because they contained no promise or guarantee of a loan modification. With respect to the Servicer Defendants' conduct during the

---

[1] Plaintiffs do not appeal the district court's dismissal of the remaining causes of action.

modification process, Plaintiffs do not provide a single allegation that the foreclosures they suffered were due to justifiable reliance on an actionable misrepresentation or omission and not due to their own failure to pay their mortgages.

2.     Plaintiffs fail to allege a cause of action for improper foreclosure against the Trustee Defendants.  Under California law, "an instrument is paid to the extent payment is made by or on behalf of a party obliged to pay the instrument." Cal. Com. Code § 3602(a)(1).  Plaintiffs claim that the Trustee Defendants foreclosed on their properties in violation of this provision because the Servicer Defendants made "advance" payments to the Trustee Defendants "on their behalf" when they were delinquent on their loan payments, thus absolving them of default. It is contended that by making these payments, the Servicers "took over" Plaintiffs' mortgage obligations.

Even if we accept as true that the Servicers made advances when Plaintiffs were delinquent on their loan payments, the conclusion that these advances constituted a "taking over" of their loan obligations is not plausible in light of the various agreements referenced in the complaints.  The mortgage promissory notes define "default" as failure to pay the full amount of each monthly payment on the date it is due, and the trust agreements and pooling and servicing agreements

3

contemplate borrower default and foreclosure. Moreover, the payments made by the Servicers were provisional, reimbursable advances made for the benefit of certificate holders of a given trust, not for the benefit of the borrowers.

**AFFIRMED**.